IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **I.E.L. MANUFACTURING LTD.**, a Canadian corporation,<br><br>             Plaintiff,<br><br>     v.<br><br>**RISE SOLUTIONS LLC**, an Oregon limited liability company dba **RISE METAL ROOFING**, and **VICTOR M. GONZALEZ**, an individual,<br><br>             Defendants. | Case No. 3:21-cv-796-JR<br><br>**OPINION AND ORDER** |

Owen Warner, Dukelow Kolisch Hartwell, PC, 200 Pacific Building, 520 SW Yamhill Street, Portland, OR 97204. Attorney for Plaintiff.

**IMMERGUT, District Judge.**

     On September 17, 2021, Magistrate Judge Jolie A. Russo issued her Findings and Recommendation ("F&R"). ECF 15. Judge Russo recommended that this Court grant Plaintiff's Motion for Default Judgment. ECF 14. No party filed objections. This Court adopts Judge Russo's F&R as explained and supplemented in this Opinion and Order.

PAGE 1 – ORDER

## STANDARDS

Under the Federal Magistrates Act ("Act"), as amended, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If a party objects to a magistrate judge's F&R, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* But the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Nevertheless, the Act "does not preclude further review by the district judge, sua sponte" whether de novo or under another standard. *Thomas*, 474 U.S. at 154.

## DISCUSSION

Through its Motion for Default Judgment, Plaintiff seeks costs[1] and a permanent injunction restraining Defendants from using Plaintiff's marks in the advertisement, promotion, or offering of services of any business related to roofing. ECF 14-1 at 2. Plaintiff also seeks removal of its marks and similar words and phrases from Defendants' websites and social media accounts. *Id.* In Plaintiff's Complaint, Count I alleged federal trademark infringement under 15 U.S.C. § 1114 and Count II alleged federal unfair competition, false designation of origin, and dilution under 15 U.S.C. § 1125. ECF 1 at ¶¶ 16–31.

By entering judgement as requested by Plaintiff in its proposed order, ECF 14-1, Judge Russo appears to have found that Defendants committed trademark infringement, unfair competition, false designation of origin, and trademark dilution. ECF 15 at 9; ECF 14-1 at 2.

---

[1] Plaintiff seeks $402 in costs related to the recovery of its filing fee. ECF 15 at 8; ECF 14-1 at 3.

While Judge Russo provided an analysis of the infringement and unfair competition claims, she did not discuss the false designation of origin and trademark dilution claims. *See* ECF 15 at 3–5. This Court believes it would be helpful to supplement the decision with a full analysis of all of the claims at issue. Accordingly, this Court adopts the F&R subject to the additional discussion below.

**A. False Designation of Origin**

Judge Russo did not err in omitting a discussion of the false designation of origin claim because the analysis already conducted with respect to the infringement and unfair competition claims would render any additional analysis superfluous. Nevertheless, clarity demands that the F&R address the false designation of origin claim so that there is no confusion.

Claims for unfair competition and false designation of origin are not distinct. *San Jose Options, Inc. v. Ho Chung Yeh*, No. CV 14–00500–KAW, 2014 WL 1868738, at *4 n.2 (N.D. Cal. May 7, 2014) ("A false designation of origin claim is not distinct from a claim for unfair competition, but simply a species of unfair competition actionable under § 43(a)."). Thus, even if Judge Russo did not explicitly review the false designation of origin claim, this Court can assume the elements were nevertheless satisfied because Judge Russo correctly found that Defendants committed trademark infringement and unfair competition. ECF 15 at 3–5 (applying the test for trademark infringement and unfair competition and noting that "[w]hen trademark and unfair competition claims are based on the same infringing conduct, the analysis for the claims is the same"). As a result, the court's failure to engage in a separate factual analysis for the false designation of origin claim has no practical impact on this case. *See New West Corp. v. NYM Co. of Cal., Inc.*, 595 F.2d 1194, 1201 (9th Cir. 1979) ("Whether we call the violation infringement, unfair competition or false designation of origin, the test is identical—is there a 'likelihood of confusion?'"); *Adidas Am., Inc. v. Calmese*, 662 F. Supp. 2d 1294, 1298 (D. Or.

PAGE 3 – ORDER

2009) ("The test for whether trademark infringement has occurred is identical to the test for whether false designation of origin has occurred.").

## B. Trademark Dilution

While the analysis of the claims for trademark infringement, unfair competition, and false designation of origin overlaps, the same is not true for Plaintiff's claim of trademark dilution under 15 U.S.C. § 1125(c).[2] *Nissan Motor Co. v. Nissan Comput. Corp.*, 378 F.3d 1002 (9th Cir. 2004) ("This follows from the text of the statute as well as its purpose. The [statute] protects the holder of a trademark from dilution, which is different from, and broader than, infringement in that neither confusion nor competition is required and the protection is nationwide in scope."). As a result, it is necessary for this Court to supplement the F&R with additional analysis of the dilution claim.

In order to prove a claim of dilution under the statute, Plaintiff must show that: "(1) the mark is famous and distinctive; (2) the defendant is making use of the mark in commerce; (3) the defendant's use began after the mark became famous; and (4) the defendant's use of the mark is likely to cause dilution by blurring or dilution by tarnishment."[3] *Jada Toys, Inc. v. Mattel, Inc.*, 518 F.3d 628, 634 (9th Cir. 2008).

---

[2] "Dilution . . . is the lessening of the capacity of a famous mark to identify and distinguish goods or services of the owner of the famous mark such that the strong identification value of the owner's trademark whittles away or is gradually attenuated as a result of its use by another." *adidas-Am., Inc. v. Payless Shoesource, Inc.*, 546 F. Supp. 2d 1029, 1060 (D. Or. 2008) (internal quotation marks omitted) (quoting *Horphag Rsch. Ltd. v. Garcia*, 475 F.3d 1029, 1035 (9th Cir. 2007)).

[3] "Dilution by blurring" is defined as an "association arising from the similarity between a mark or trade name and a famous mark that impairs the distinctiveness of the famous mark." 15 U.S.C. § 1125(c)(2)(B). A famous mark is considered diluted by tarnishment when there is a "similarity between a mark or trade name and a famous mark that harms the reputation of the famous mark." *Id.* at § 1125(c)(2)(C).

In evaluating Plaintiff's claim for dilution, this Court need only look at the pleadings before it. *See TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987) (noting that upon default, the factual allegations—except those related to the amount of damages—must be taken as true). The Complaint alleges that Plaintiff owns the marks at issue and has continuously used them since 1996. ECF 1 at ¶ 19. Plaintiff has dedicated significant resources to developing recognition and awareness of its marks, which has resulted in its distinctive marks earning fame in the roofing industry. *See id.* at ¶¶ 20–21. Since at least March 2021, Defendants have misappropriated the marks—for example, on their website—to advertise and provide roofing products and services. *Id.* at ¶ 12. Confusion about the origin of each party's goods and services, and the affiliation between the parties, has caused Plaintiff's brand and reputation to be effectively tarnished. *See id.* at ¶¶ 30–31. Plaintiff has alleged sufficient facts to establish its dilution claim.

## CONCLUSION

The F&R, ECF 15, as supplemented in this Opinion and Order, is adopted in full. Plaintiff's Motion for Default Judgment, ECF 14, is GRANTED.

**IT IS SO ORDERED**.

DATED this 27th day of October, 2021.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge

PAGE 5 – ORDER